| ARMSTRONG, J.,
dissenting.
I respectfully dissent. I would not stay the trial court’s judgment ordering the collection of taxes for the RTA. Moreover, I believe that this case should proceed as a devolutive appeal, which is the appeal taken by the Intervenors.
I believe that the tax officials involved in this case do have a ministerial duty, which is clearly provided by law, to collect the taxes at issue. There is no dispute that the tax officials are bound to collect the RTA taxes. There is no dispute that the RTA has provided by resolution for the taxes at issue (which, to be more precise, is the elimination of an exemption). Thus, the duty of the tax officials to collect the RTA taxes has been imposed by regular legal procedures. The Intervenors have challenged the right of the RTA to eliminate the tax exemption at issue. However, the Intervenors have not, so far, succeeded in that challenge. In fact, there has been no decision, save for the trial court’s granting of the writ of mandamus, as to whether the RTA acted properly in eliminating the exemption. Therefore, as of the present time, it remains clearly provided by law that the tax officials must collect the RTA taxes.
I also note that, after the trial court issued the writ of mandamus ordering the taxes to be collected, the Intervenors filed a devolutive appeal challenging the | ¿merits of that judgment. They then filed a motion with this Court requesting that we stay collection of those taxes. Subsequently, the Intervenors filed a writ application adopting by-reference the motion to stay and also requesting the same substantive relief as they requested in their devol-utive appeal. By requesting a stay in both their motion and writ application, Interve-nors in effect sought the benefit of a sus-pensive appeal without the burden of posting security for the judgment the RTA won in the trial court.
In then* motion to stay, the Intervenors assert that, if the trial court’s judgment is not stayed, then millions of dollars of taxes will be collected from their hotel guests without any reasonable way to return those taxes to their departed hotel guests should the RTA lose on appeal. Of course, the other side of the coin is that, if the judgment is stayed pending a decision on the merits of the Intervenors’ appeal, and the RTA ultimately prevails, then the RTA will have been deprived of millions of dollars of tax revenue that otherwise would have been collected. There is no practical way to collect taxes from hotel guests after their hotel stays have long been completed. Thus, arguably, assuming the RTA is successful on appeal, the potential loss to the RTA of staying the judgment (millions of dollars) is greater than the loss to an individual hotel guest (no more than a few dollars) if the judgment is not stayed and the RTA loses on appeal. Moreover, while I believe that it would be time consuming, but not impossible, to refund a few dollars each to departed hotel guests who have paid this tax should RTA lose on appeal, it *969 would be a practical, and perhaps legal, impossibility to collect those few dollars from individual hotel guests who have long since departed to their various home states.
The Intervenors chose not to take a suspensive appeal, which was their right. Because millions of dollars are at issue, the amount of security for the suspensive appeal necessarily would have been commensurate with the amount of estimated [¡Joss of tax revenue pending appeal. The Inter-venors explain that they did not wish to provide the security for a suspensive appeal because it is actually the hotel guests, and not the Intervenors, who must pay the tax. The Intervenors did not wish to make themselves liable for the millions of dollars in taxes, by providing commensurate security, in the event the RTA ultimately prevails.
I believe that if I were to stay the judgment without requiring security, I would be creating the risk that the party prevailing below, the RTA, would lose forever millions of dollars of the benefit of the judgment it won in the trial court (assuming the RTA prevails on appeal). Moreover, as a matter of public policy, providing the Intervenors the stay they seek would create a precedent leading to the erosion of the principle that parties prevailing in the trial court should either be allowed to receive the benefit of the trial court judgment while an appeal is pending, or should be secure as to their ultimately receiving the full benefit of that judgment after the completion of the appeal process (assuming they are successful on appeal).
There is no need for a writ application as the Intervenors’ appeal addresses the merits of the trial court’s judgment. I would deny both the motion to stay pending appeal and the writ application. I believe this ease should proceed as a devol-utive appeal, which is the appeal taken by the Intervenors. The judgment of the trial court ordering the collection of the taxes should continue in effect during the pen-dency of the appeal. To do otherwise permits the Intervenors, who have requested a devolutive appeal, to obtain a suspensive appeal without posting security for the judgment obtained by the RTA in the trial court.